IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DERRICK DUBOSE,

    Petitioner,

v.                                                        No. 1:16-cv-01250-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DIRECTING UNITED STATES TO RESPOND TO PETITION
AND
DENYING RELIEF UNDER *JOHNSON V. UNITED STATES*

---

In September 2016, Petitioner, Derrick Dubose,[1] filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition") under 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.[2]) Respondent, United States of America, is DIRECTED to file a response to the Petition within twenty-eight days of the entry of this order. Petitioner may file a reply within twenty-eight days of service of the response.

On the same day the inmate filed the Petition, a text entry was entered by the Clerk of Court indicating that Dubose had requested relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (D.E. 3.) Although the Petition mentions *Johnson*, the inmate does not appear to be arguing that the career offender provision of the United States Sentencing Guidelines ("Guidelines" or

---

[1]In its discussion of the underlying criminal matter, the Court will refer to Dubose as the "Defendant."

[2]Unless otherwise noted, record citations in this order are to Case Number 1:16-cv-01250-JDB-egb.

1

"U.S.S.G") under which he was sentenced is void for vagueness.[3] Nonetheless, the Court will address the applicability of *Johnson* to Petitioner's case.

## BACKGROUND

In April 2014, a federal grand jury returned a five-count indictment charging Dubose with marijuana trafficking (Counts 1 and 5), cocaine base trafficking (Counts 2 and 3), and MDMA[4] trafficking (Count 4). (No. 1:14-cr-10036-JDB-1, D.E. 2.) In March 2015, the Defendant pleaded guilty to Count 2 pursuant to an agreement with the Government. (*Id.*, D.E. 37-39.) At sentencing, Dubose was determined to be a career offender under U.S.S.G. § 4B1.1 based on Tennessee convictions for delivery and sale of a controlled substance. (*Id.*, D.E. 49 at PageID 95-96; Presentence Report ¶¶ 24, 38, 40.) The Court imposed a sentence of 120 months and three years of supervised release, with the sentence to run concurrently with four unexpired state sentences. (No. 1:14-cr-10036-JDB-1, D.E. 42.) Defendant took an unsuccessful direct appeal. (*Id.*, D.E. 57.)

## DISCUSSION

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

---

[3] "[A] defendant is a career offender if (1) [he] was at least eighteen years old at the time of the instant offense, (2) the instant offense is either a crime of violence or a controlled-substance offense, and (3) 'the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.'" *United States v. Alexander*, 686 F. App'x 326, 327 (6th Cir. 2017) (per curiam) (quoting U.S.S.G. § 4B1.1(a)).

[4] 3, 4 methylenedioxy-methamphetamine. www.drugabuse.gov/publications/drugfacts/mdma-ecstasymolly.

In *Johnson*, the United States Supreme Court addressed the constitutionality of the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *See Johnson*, 135 S. Ct. at 2556-57. Under the ACCA, a person who is convicted of being a felon in possession of a firearm and who "has three previous convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." *Johnson*, 135 S. Ct. at 2555-56.

The Court in *Johnson* held that the residual clause was unconstitutionally void for vagueness. *Id.* at 2256-57. Therefore, an enhanced sentence under the residual clause violated due process as guaranteed by the Fifth Amendment. *Id.*

The ruling in *Johnson* did not affect Petitioner's designation as a career offender under the Guidelines. Even if *Johnson* called into question the Guidelines' definition of "crime of violence," Dubose's status as a career offender was not based on any crimes of violence but, rather, on two controlled substance offenses. *See, e.g.*, *Smith v. United States*, Nos. 3:11-CR-115-TAV-HBG-1, 3:14-CV-339-TAV, 2017 WL 151065, at *6 (E.D. Tenn. Jan. 13, 2017) (holding *Johnson* irrelevant where enhancement was based on drug convictions). Moreover, on March 6, 2017, the Supreme Court refused to extend *Johnson*'s reasoning to the Guidelines' career offender provisions. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017). The Court explained that,

3

"[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* The Guidelines, therefore, "are not subject to a vagueness challenge under the Due Process Clause." *Id.*

Accordingly, relief under *Johnson* is DENIED.

IT IS SO ORDERED this 20th day of August 2018.

<pre>
                              s/ J. DANIEL BREEN
                              UNITED STATES DISTRICT JUDGE
</pre>