IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DERRICK DUBOSE,

    Petitioner,

v.                                        No. 1:16-cv-01250-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING PETITIONER'S MOTIONS,
DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

In September 2016, the Petitioner, Derrick Dubose,[1] filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "Petition"). (Docket Entry ("D.E.") 1.)[2] The inmate asserted three claims, one of which was premised on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). On August 20, 2018, the Court denied the *Johnson* claim. (D.E. 7.) For the following reasons, the remaining claims are also DENIED.[3]

---

[1] In its discussion of the underlying criminal matter, the Court will refer to Dubose as the "Defendant."

[2] Unless otherwise noted, record citations in this order are to the instant case.

[3] The Petitioner's motion for a status update (D.E. 5) and his "Motion of Default," in which he seeks a ruling on the Petition (D.E. 14), are DENIED as moot. His "Motion Pursuant to the Federal Rules of Criminal Procedure Rule 36," alleging a purported "clerical error" that he believes entitles him to a correction of his sentence (D.E. 6 at PageID 22), is DENIED as improperly brought in this § 2255 case. Should he wish to pursue relief under Rule 36, he must file a motion in his criminal case, *United States v. Dubose*, No. 1:14-cr-10036-JDB-1 (W.D. Tenn.).

1

BACKGROUND

In April 2014, a federal grand jury returned a five-count indictment charging Dubose with marijuana trafficking (Counts 1 and 5), cocaine base trafficking (Counts 2 and 3), and MDMA[4] trafficking (Count 4). (No. 1:14-cr-10036-JDB-1, D.E. 2.) In March 2015, the Defendant pleaded guilty to Count 2 pursuant to an agreement with the Government. (*Id.*, D.E. 37-39.) At sentencing, Dubose was determined to be a career offender under § 4B1.1 of the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or "Guidelines") based on a Tennessee conviction for delivery of a controlled substance and a Tennessee conviction for the sale of a controlled substance. (*Id.*, D.E. 49; Presentence Report ¶¶ 24, 38, 40.) His advisory Guidelines range was determined to be 151 to 188 months' incarceration. (No. 1:14-cr-10036-JDB-1, D.E. 49.) The Court imposed a below-Guidelines sentence of 120 months' imprisonment and three years of supervised release, with the sentence to run concurrently with four unexpired state sentences. (*Id.*, D.E. 42.) Defendant took an unsuccessful direct appeal. (*Id.*, D.E. 57.)

DISCUSSION

Petitioner asserts that the Court erred in applying the career offender enhancement at sentencing because the predicate state convictions are not controlled substance offenses (Claim 1). He also insists that counsel was ineffective in failing to make that argument (Claim 2).[5] Respondent, the United States of America, filed an answer to the Petition on August 29, 2018,

---

[4]*See* www.drugabuse.gov/publications/drugfacts/mdma-ecstasymolly (last accessed December 18, 2019) (MDMA is 3,4 methylenedioxy-methamphetamine).

[5]The Court has renumbered the claims because there is considerable repetition among the four grounds presented in the Petition. The essential assertions are that Petitioner's prior state drug convictions are not controlled substance offenses for purposes of the career offender enhancement and that counsel was ineffective in failing to make that argument.

arguing that Claim 1 is not cognizable and Claim 2 is without merit. (D.E. 9.) Petitioner filed a reply, in which he maintains that he is entitled to relief on both claims. (D.E. 12.)

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). A § 2255 petitioner bears the burden of establishing entitlement to relief. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

In Claim 1, Dubose avers that he no longer qualifies as a career offender because an offense under the Tennessee drug statute, Tennessee Code Annotated § 39-17-417(a), is not categorically a controlled substance offense pursuant to the framework set forth in *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). Specifically, he maintains that "delivery" under the statute encompasses conduct, namely "offering to sell," that is broader than the Guidelines' definition of a controlled substance offense.[6]

The Tennessee statute under which Petitioner was twice convicted provides that "[i]t is an offense for a defendant to knowingly . . . [m]anufacture a controlled substance[,] [d]eliver a controlled substance[,] [s]ell a controlled substance[,] or . . . [p]ossess a controlled substance with intent to manufacture, deliver or sell the controlled substance." Tenn. Code Ann. § 39-17-417(a).

---

[6]In his reply, Petitioner submits for the first time that "delivery" under the Tennessee statute is broader than the Guidelines' definition of a controlled substance offense because it includes "administering" drugs. The panel in *United States v. Havis*, 907 F.3d 439 (6th Cir. 2018), *opinion vacated on other grounds*, 927 F.3d 382 (en banc) (6th Cir.), *reconsideration denied*, 929 F.3d 317 (6th Cir. 2019), rejected the "administering" argument. *See Havis*, 907 F.3d at 446-47. That portion of the panel decision was not disturbed at rehearing en banc. *See Havis*, 927 F.3d at 384 n.2.

3

Under U.S.S.G. § 4B1.1, a defendant is a career offender if, among other things, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is defined as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

To determine if a conviction constitutes a controlled substance offense, a court must "apply a 'categorical' approach," which focuses on the statute under which the petitioner was convicted, rather than the petitioner's conduct. *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010) (citing *Taylor v. United States,* 495 U.S. 575, 600 (1990)). If the statute is "divisible," meaning it describes multiple offenses, the court may "employ the 'modified categorical approach.'" *United States v. House*, 872 F.3d 748, 753 (6th Cir.) (quoting *Descamps v. United States*, 570 U.S. 254, 261-62 (2013)), *cert. denied*, 138 S. Ct. 367 (2017). That approach permits the examination of "a limited class of documents" from the defendant's prior criminal case in order "to determine which alternative formed the basis of the defendant's . . . conviction." *Id.* (quoting *Descamps*, 570 U.S. at 257). The Supreme Court in *Mathis* clarified that a statute is divisible if it lists alternative elements, not alternative means of satisfying one or more elements. *Mathis*, 136 S. Ct. at 2249. If the statute lists alternative means, then it is "indivisible," and resort to the limited class of documents is prohibited. *Id.* at 2248.

Under either approach, the "second step" in a court's analysis is to "determine whether the offense, as described either by the entirety of an indivisible statute or by the relevant alternative of a divisible statute, matches § 4B1.2(b)'s definition of a 'controlled substance offense.'" *United*

4

*States v. Pittman*, 736 F. App'x 551, 554 (6th Cir.), *cert denied*, 139 S. Ct. 608 (2018). If the elements do not match, the prior conviction cannot be counted toward the defendant's career offender status. *Mathis*, 136 S. Ct. at 2247 (A "prior crime qualifies as a[] . . . predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense.")

Dubose's claim that his prior Tennessee drug convictions are not controlled substance offenses under *Mathis*'s framework is not cognizable in this § 2255 proceeding. In the Sixth Circuit's recent decision in *Bullard v. United States*, 937 F.3d 654 (6th Cir. 2019), the § 2255 petitioner challenged the district court's use of his "Arizona conviction for attempting to sell cocaine" to qualify him as a career offender. *Bullard*, 937 F.3d at 657. In support, he invoked the Sixth Circuit's en banc decision in *Havis*. *Id.* at 656. In *Havis*, the court held that "delivery" of a controlled substance under Tennessee Code Annotated § 39-17-417(a) is broader than the Guidelines' definition of a controlled substance offense because the state offense includes attempted delivery. *See Havis*, 927 F.3d at 385-87. The *Bullard* court ruled that the petitioner could not rely on *Havis* to seek resentencing under § 2255 because the claim was non-cognizable in such a proceeding:

> [We] repeat what we said in *Snider* [*v. United States*, 908 F.3d 183 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1573 (2019)]: "[a] misapplication-of-an-advisory-guidelines-range claim is . . . not cognizable under § 2255." [*Snider*,] 908 F.3d at 191. Indeed, every circuit to "look[] at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations." *Id.*; *see also, e.g.*, [*United States v.*] *Foote*, 784 F.3d [931,] 932 [(4th Cir. 2015)] (same); *Spencer* [*v. United States*], 773 F.3d [1132,] 1135 [(11th Cir. 2014)] (same); *Hawkins v. United States*, 706 F.3d 820, 824-25 (7th Cir. 2013) (same); *Sun Bear v. United States*, 644 F.3d 700, 704-06 (8th Cir. 2011) (en banc) (same); *United States v. Williamson*, 183 F.3d 458, 461-62 (5th Cir. 1999) (same). As a result, Bullard cannot use § 2255—or our decision in *Havis*—to attack collaterally his designation as [a] career offender under the Sentencing Guidelines. Both are best left for direct review.

*Bullard,* 937 F.3d at 660-61.

5

Because the claim here, as in *Bullard*, challenges the Court's application of the advisory Guidelines, it is non-cognizable. Claim 1 is therefore DISMISSED.

Claim 2, which asserts that counsel provided ineffective assistance by failing to argue against application of the career offender enhancement, is a claim of constitutional magnitude and is, thus, properly before the Court. *See Snider*, 908 F.3d at 192 ("[A] free-standing ineffective assistance of counsel claim . . . is cognizable under § 2255.") (citing *Massaro v. United States*, 538 U.S. 500, 508-09 (2003)). Nevertheless, the claim is without merit.

A determination of whether an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is controlled by the standards articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Robins v. Fortner*, 698 F.3d 317, 329 (6th Cir. 2012). To succeed on such a claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). An attorney's "strategic choices" are "virtually unchallengeable" if based on a "thorough investigation of law and facts relevant to plausible options[.]" *Id.* at 690-91. "[S]trategic choices made after less than complete

investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.*

To show prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

Dubose cannot establish that his attorney was ineffective by failing to argue that the Tennessee convictions are not controlled substance offenses under the Guidelines. At the time of Petitioner's sentencing in June 2015, it was the law in this Circuit that crimes under the Tennessee drug statute were categorically controlled substance offenses. *See United States v. Douglas*, 563 F. App'x. 371, 378 (6th Cir. 2014) ("Section 39-17-417 is a categorical controlled substance offense.") And even if the Tennessee statute could be said to encompass "offering to sell," it was also Sixth Circuit precedent at the time that "an offer to sell is properly considered an attempt to transfer a controlled substance, which is a 'controlled substance offense' under the Guidelines." *United States v. Evans*, 699 F.3d 858, 867 (6th Cir. 2012) (citing U.S.S.G. § 4B1.2), *abrogated by Havis*, 927 F.3d 382. Under these circumstances, counsel's failure to argue that the convictions did not qualify as career offender predicates was not deficient performance and did not prejudice Petitioner. *See Bullard*, 937 F.3d at 661 (where Sixth Circuit caselaw "held the opposite" of the ruling in *Havis* "at th[e] time" of petitioner's sentencing, counsel did not perform deficiently by

7

failing to argue that his state drug conviction was not a controlled substance offense under the Guidelines). Claim 2 is without merit and is DENIED.

APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is therefore DENIED.[7]

IT IS SO ORDERED this 3rd day of January 2020.

                                    s/ J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE

---

[7]If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.